FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO,<br><br>    Plaintiff,<br><br>v.<br><br>SARAH DAVIS,<br><br>    Defendants. | Civil Action No. 14-3413 (WJM) |
| JOSEPH ARUANNO,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY,<br><br>    Defendants. | Civil Action No. 14-5099 (WJM) |
| JOSEPH ARUANNO,<br><br>    Plaintiff,<br><br>v.<br><br>SARAH DAVIS,<br><br>    Defendants. | **OPINION** |

**APPEARANCES**:

    JOSEPH ARUANNO, #363
    Special Treatment Unit
    P.O. Box 905
    Avenel, New Jersey   07001
    Plaintiff *Pro Se*

**MARTINI, District Judge**:

Joseph Aruanno, who is civilly committed to the Special Treatment Unit under the New Jersey Sexually Violent Predator Act, has been granted *in forma pauperis* status in at least 33 civil rights actions in this Court. After this Court dismissed, and the Third Circuit affirmed dismissal of at least 13 civil rights cases since 2011, this Court issued an Order to Show Cause, accompanied by an Opinion, directing Aruanno to show why this Court should not deny his requests to proceed *in forma pauperis* in the above captioned non-habeas civil actions because he has abused the privilege of proceeding *in forma pauperis* and his allegations do not show that he is in imminent danger of serious physical injury. Aruanno responded to the Order to Show Cause, arguing that he is in imminent danger, that this Court should appoint a guardian, that it would be unfair to deny *in forma pauperis* status in habeas corpus cases, and that this Court improperly dismissed his prior civil rights cases. This Court finds that Aruanno has abused the privilege of proceeding *in forma pauperis* and none of the allegations in the three actions presently before the Court indicates that Aruanno faces imminent danger of serious physical injury. The Court will deny his applications to proceed *in forma pauperis* in the above cases and administratively terminate these actions subject to reopening in the event that Aruanno prepays the $400 filing and administrative fee in each or any case, provided he does so within 30 days of the date of the entry of the Order accompanying this Opinion.

## I.  BACKGROUND

Aruanno seeks permission to proceed *in forma pauperis* and to thereby file two civil rights complaints and a petition for mandamus without payment of the $400 filing and administrative fees in each case. Specifically, he seeks to bring *Aruanno v. Davis,* Civil Number 14-3413 (WJM), against Sarah Davis, the Assistant Superintendent of the Special Treatment Unit, alleging

that "certain staff refuse to close our cell doors as needed[, which] permits other residents/patients to watch us using the toilet [that] is right in the doorway where some masturbate, etc." (Civ. No. 3413, ECF No. 1 at 6.) Aruanno further asserts that officials allow residents to shield themselves with a four-foot curtain, but he cannot afford to buy a curtain. He further claims that "when sleeping, coming from the shower, etc., there are many female staff members who[] see us changing, etc., then say we were exposing ourselves to them, which then keeps us here longer." *Id.* He alleges that "curtains are not necessary if the doors were fixed to slide closed, as we were told when we moved in here, but defendant Sarah Davis just informed me in writing that the doors will not be adjusted and that curtains are a 'PRIVILEGE' that will be taken away, which has happened, which has forced this submission, and others, requesting that this court address our PRIVACY RIGHTS and how they apply to a therapeutic existence here." *Id.* at 7. Aruanno seeks injunctive relief, declaratory relief, and damages of ten million dollars.

Aruanno also seeks to file without prepayment of fees *Aruanno v. Yates,* Civil Number 14-5100 (WJM), against Administrator Yates, Assistant Superintendent Davis, and John/Jane Does 1-20. He claims that he is "being denied legal access such as a law library," research material, forms, envelopes, typewriters, photocopies, and paralegals. (Civ. No. 14-5100, ECF No. 1 at 6.) He asserts that "the injury inflicted as a result is such as the U.S. Supreme Court denying petition No. 12-9040 by way of letter dated 7/3/2013 because I could not obtain PHOTOCOPIES in time."[1]

---

[1] On February 20, 2013, Joseph Aruanno filed a petition for a writ of certiorari regarding Third Circuit Number 12-2660, which the Supreme Court denied on April 29, 2013. In 12-2660, the Third Circuit affirmed Judge Chesler's dismissal with prejudice of the various claims Aruanno raised in his complaint after Judge Chesler gave Aruanno leave to amend the complaint twice. *See Aruanno v. Allen,* Civ. No. 09-1250 (SRC), order (D.N.J. Apr. 13, 2012), *aff'd,* 498 F.App'x 160 (3d Cir. 2012), *cert. denied,* 133 S.Ct. 2033 (Apr. 29, 2013) (No. 12-9040).

*Id.* He further alleges that "the state, JOHN/JANE DOES, et al., fail/refuse to comply with the Americans with Disabilities Act; the Rehabilitation Act; the Law Against Discrimination, etc., where they have held, and upheld, for years that I am an incompetent person lacking intellectual cognitive abilities, need certain medications to be able to gain reality, etc., but then, as an involuntarily civilly committed person, fail/refuse to APPOINT A 'GUARDIAN,' etc., to assist me in properly and fairly accessing the court[s]." *Id.*

Aruanno also seeks to file *in forma pauperis* a "Petition for Writ of Mandamus" against the State of New Jersey in *Aruanno v. State of New Jersey*, Civil Number 14-5099 (WJM). Aruanno states in this pleading that he is submitting the petition for mandamus "in reply to the letter I just received from the Clerk of the U.S. Court of Appeals dated 8/10/14 which was in reply to my request about the outcome of my Petition for Rehearing En Banc" (Civ. No. 14-5099 (WJM), ECF No. 1 at 2.)

Aruanno seeks to proceed *in forma pauperis* in these three non-habeas civil actions. Instead of granting *in forma pauperis* status, this Court issued an Order to Show Cause directing Aruanno to show cause why the Court should not deny his requests to proceed *in forma pauperis* because he has abused the privilege of proceeding *in forma pauperis* and his allegations do not show that he is in imminent danger of serious physical injury.

## II.   DISCUSSION

The federal *in forma pauperis* statute, enacted in 1892 and codified as 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). This Court has the discretionary authority to deny *in forma pauperis* status to persons who have abused the privilege. *See, e.g., In re McDonald*, 489 U.S. 180 (1989) (denying *in forma pauperis* status to non-prisoner seeking to file a petition for a writ of habeas

4

corpus in the Supreme Court, where the person had pursued 73 prior filings); *Zatko v. California*, 502 U.S. 16 (1991) (denying applications to proceed *in forma pauperis* to file a habeas corpus petition to one petitioner who filed 73 petitions and to another petitioner who filed 45 petitions); *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992) (denying *in forma pauperis* application of "a notorious abuser of this Court's certiorari process," who had filed 11 petitions which were frivolous, with the arguable exception of one); *Butler v. Department of Justice*, 492 F.3d 440, 444-45 (D.C. Cir. 2007) (denying *in forma pauperis* application of a prisoner who did not have three strikes, but who had on at least five prior occasions brought appeals that were dismissed for failure to prosecute). This Court's discretionary authority to deny *in forma pauperis* status to persons who have abused the privilege derives from § 1915(a) itself, *see* 28 U.S.C. § 1915(a) ("any court of the United States *may authorize* the commencement . . . of any suit . . . without prepayment of fees or security therefor") (emphasis added), and federal courts' "inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. at 185 n.8 (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)). As the Supreme Court explained,

> [P]aupers filing *pro se* petitions are not subject to the financial considerations – filing fees and attorney's fees – that deter other litigants from filing frivolous petitions. Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests . . . does not promote that end.

*In re McDonald*, 489 U.S. at 184.

In 1996 Congress curtailed the ability of prisoners to take advantage of the privilege of filing *in forma pauperis* by enacting a "three strikes rule," which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner

has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Although Aruanno is not a prisoner,[2] the adoption of a judicial limitation in Aruanno's cases mirroring the PLRA's "three strikes" provision applicable to prisoners and including its "imminent danger" exception is necessary to create a uniform policy denying the privilege of proceeding *in forma pauperis* to abusive litigants and to allocate this Court's resources in a way that promotes the interest of justice. *See Mitchell v. Federal Bureau of Prisons*, 587 F.3d 415 (D.C. Cir. 2010) (crafting a discretionary rule mirroring § 1915(g)'s imminent danger exception to deny *in forma pauperis* application brought by a prisoner who had only two "strikes" but had 63 cases that were dismissed for reasons other than failure to state a claim); *Douris v. Middletown Township*, 293 F.App'x 130 (3d Cir. 2008) (affirming discretionary denial of non-prisoner's *in forma pauperis* application based on Douris's eight prior unsuccessful civil actions); *cf. Kansas v. Colorado*, 556 U.S. 98, 108 (2009) (crafting a discretionary rule regarding expert fees by mirroring a statutory rule applicable in similar cases because "we see no good reason why the rule regarding the recovery of expert witness fees should differ markedly depending on whether a case is originally brought in a district court or in this Court [and] the best approach is to have a uniform rule that applies in all federal cases.").

---

[2] The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pre-trial release, or diversionary program" 28 U.S.C. § 1915(h). Aruanno is not a "prisoner" under this definition because he is detained pursuant to New Jersey's Sexually Violent Predator Act. *See Tavares v. Attorney General USA*, 211 F. App'x 127, 128 n.2 (3d Cir. 2007) (noting that a detainee who is not being held on criminal charges is not a "prisoner" under 28 U.S.C. § 1915(h)).

Because this Court has dismissed many more than three of Aruanno's civil rights complaints in which he was granted *in forma pauperis* status and his allegations do not show that he is in imminent danger of serious physical injury, this Court directed Aruanno to show cause why this Court should not deny his requests to proceed *in forma pauperis* because he has abused the privilege of proceeding *in forma pauperis*. In his response to the Order to Show Cause, Aruanno argues that this Court should grant his *in forma pauperis* applications because: (a) he is in imminent danger; (b) this Court should appoint a guardian; (c) it would be unfair to deny *in forma pauperis* status in habeas corpus cases challenging his civil commitment; and (d) his prior cases were improperly dismissed.

A.   Imminent Danger

First, referring to *Aruanno v. Davis*, Civil Number 14-3413, Aruanno asserts that he is in imminent danger. "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (internal quotation marks omitted). A prisoner's allegation that he faced imminent danger sometime in the past is therefore "an insufficient basis to allow him to proceed in forma pauperis." *Ball v. Famiglio*, 726 F.3d 448, 467 (3d Cir. 2013) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.1999)) (internal quotation marks omitted). The danger must also be imminent at the time the complaint or appeal is filed. *See Abdul–Akbar*, 239 F.3d at 312 ("[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed."). Practices that "may prove detrimental ... over time," such as poor care for arthritis, also "do not represent imminent dangers," as the harm is not "about to occur at any moment." *Ball*, 726 F.3d at 468 (quoting *Abdul–Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Finally, even if an alleged harm may in fact be "impending," it does

not satisfy the exception if it does not threaten to cause "serious physical injury." 28 U.S.C. § 1915(g).

In his response to the Order to Show Cause Aruanno States: "[C]learly in case No. 14-3413 to permit JA, and others here, to be victimized by sexual predators which could be escalated which could include a fight to prevent such an incident which could also lead to a death during this." (Civ. No. 14-3413, ECF No. 7 at 3.) As explained above, in *Aruanno v. Davis*, Aruanno alleges that "certain staff refuse to close our cell doors as needed[, which] permits other residents/patients to watch us using the toilet [which] is right in the doorway where some masturbate, etc." (Civ. No. 14-3413, ECF No. 1 at 6). The allegations in this complaint do not show that Aruanno is exposed to unsafe or life-threatening conditions. Rather, to the extent he asserts danger at all, his assertions are vague and too speculative to be considered imminent. *See Ball*, 726 F.3d at 468 ("[C]ourts ... deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous.") (citation omitted); *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir.1998) (concluding that the defendant "has failed to raise a credible allegation that he is in imminent danger of serious physical harm, and, therefore, he does not come under the exception to § 1915(g)"). Because a person claiming that he is in imminent danger of serious physical harm must "make specific [and] credible allegations to that effect," *Ball*, 726 F.3d at 470 (quoting *Childs v. Miller*, 713 F.3d 1262, 1267 (10th Cir.2013)) (alteration in original) (internal quotation marks omitted), and Aruanno has failed to do so in any of his pleadings, the imminent danger exception does not apply.

B.      Request to Appoint a Guardian

Aruanno maintains that this Court should appoint a guardian. He asserts that "in reality the state[']s position has always been that JA is so out of touch with reality that the only possible remedy would be psychotropic medications combined with a steady regime of therapy." (Civ. No. 14-3413, ECF No. 7 at 4.) He contends that the Court should "comply with the ADA . . . and appoint a GUARDIAN here in the interest of justice." (Civ. No. 14-3413, ECF No. 7 at 5) (emphasis in original).

On several occasions, this Court has either *sua sponte* considered the appointment of a guardian *ad litem* for Aruanno or denied his request to appoint a guardian under *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012). *See, e.g.*; *Aruanno v. New Jersey,* Civ. No. 13-5831 (WJM) order (D.N.J. June 5, 2014) (declining *sua sponte* to appoint a guardian ad litem); *Aruanno v. Velez,* Civil No. 12-0152 (WJM), 2012 WL 1232415 (D.N.J. Apr. 12, 2012) (declining to appoint a guardian, pursuant to Fed. R. Civ. P. 17(c), for Aruanno because there was no verifiable evidence indicating that Aruanno was legally incompetent), *aff'd* 500 F.App'x 126 (3d Cir. 2012). Recently, the Third Circuit rejected Aruanno's contention that the Americans with Disabilities Act requires this Court to appoint a guardian or an attorney for him. *See Aruanno v. Caldwell*, C.A. 15-2173, 2016 WL 122966 at *1 n.2 (3d Cir. Jan. 12, 2016). As Aruanno's filings and litigation history demonstrate his ability to present his cases, the issue involved here is not difficult, and no expert testimony is necessary, this Court will deny Aruanno's request to appoint a guardian.

C.      Unfair to Apply in Habeas Corpus Cases

Next, Aruanno contends that "it would really be a miscarriage of justice to then deny JA his right to appeal the yearly reviews here, in HABEAS CORPUS fashion in the District Court

9

which is unrelated to the standard civil rights violation lawsuit." (Civ. No. 14-3413, ECF No. 7 at 5) (emphasis in original). The problem with this argument is that none of the cases in which Aruanno is seeking to proceed *in forma pauperis* is a habeas corpus action. Moreover, Aruanno was granted *in forma pauperis* status in a habeas corpus petition filed after this Court issued the Order to Show Cause, *see Aruanno v. Yates*, Civ. No. 15-7405 (JLL) order (D.N.J. Oct. 28, 2015), and nothing in this Court's Opinion indicates that Aruanno has abused the privilege of proceeding *in forma pauperis* in habeas corpus cases or that it will prohibit him from proceeding *in forma pauperis* in a habeas corpus case.

D.   Prior Improper Dismissals

Finally, Aruanno complains that this Court should not use his litigation history to support the conclusion that he has abused the privilege of proceeding *in forma pauperis* because those dismissals were improper and he wouldn't have to keep bringing new cases if the Court had granted him relief instead of dismissing his prior cases. He asserts that "the logic is circular and thus flawed to say that because the court[s] failed/refused to correct it the first time JA should pay this time." (Civ. No. 14-3413, ECF No. 7 at 7.)

This Court has dismissed many more than three of Aruanno's civil rights complaints on the ground that the complaint failed to state a claim upon which relief may be granted. The Third Circuit has affirmed the vast majority of these dismissals.[3] For example, Aruanno raised the identical

---

[3] *See, e.g., Aruanno v. Johnson*, C.A. No. 13-3695, 2014 WL 2624793 (3d Cir. June 13, 2014); *Aruanno v. John/Jane Does 1-10*, 536 F.App'x 167 (3d Cir. 2013); *Aruanno v. Green*, 527 F.App'x 145 (3d Cir. 2013); *Aruanno v. Commissioner of Social Security*, 517 F.App'x 72 (3d Cir. 2013); *Aruanno v. Johnson*, 501 F.App'x 151 (3d Cir. 2012); *Aruanno v. Velez*, 500 F.App'x 126 (3d Cir. 2012); *Aruanno v. Allen*, 498 F.App'x 160 (3d Cir. 2012); *Aruanno v. Cavanaugh*, 460 F.App'x 82 (3d Cir. 2012); *Aruanno v. Sweeney*, 449 F.App'x 118 (3d Cir. 2011); *Aruanno v. Smith*, 445 F.App'x 494 (3d Cir. 2011); *Aruanno v. Walsh*, 443 F.App'x 681 (3d Cir. 2011); *Aruanno v. Fishman*, 443 F.App'x 679 (3d Cir. 2011); *Aruanno v. Johnson*, 442 F.App'x 636 (3d Cir. 2011).

unmeritorious claim in four civil rights complaints. In each case, he claimed that officials at the Special Treatment Unit denied him a job in retaliation for his exercising his right to remain silent; this Court dismissed each complaint and the Third Circuit affirmed each dismissal. *See Aruanno v. John/Jane Does 1-10,* 536 F.App'x 167 (3d Cir. 2013) (noting that "[t]his is Aruanno's fourth attempt to raise such [retaliation] claims before the Court"). In addition, Aruanno has brought meritless complaints, while proceeding *in forma pauperis*, against the Clerk of this Court (claiming that the Clerk refused to file two complaints, which Aruanno said he had mailed to the Clerk's Office for filing), against the United States Attorney for the District of New Jersey and the Attorney General of the United States (claiming that these officials violated his constitutional rights by failing to pursue criminal charges against officials at the Special Treatment Unit), and against United States District Judge Dennis M. Cavanaugh (retired) (claiming that Judge Cavanaugh's rulings in civil rights actions violated his constitutional rights). This Court dismissed each of these complaints and the Third Circuit affirmed the dismissals. *See Aruanno v. Cavanaugh,* 460 F.App'x 82 (3d Cir. 2012); *Aruanno v. Walsh,* 443 F.App'x 681 (3d Cir. 2011); *Aruanno v. Fishman,* 443 F.App'x 679 (3d Cir. 2011). Moreover, in one action in which Aruanno was proceeding *in forma pauperis*, he inaccurately claimed that the failure of officials at the Special Treatment Unit to transport him to a state court hearing on his post-conviction relief petition caused the dismissal of the case, when the electronically available record of that proceeding established that it was dismissed on the merits. *See Aruanno v. Johnson,* C.A. No. 13-3695, 2014 WL 2624793 at *1 (3d Cir. June 13, 2014) ("Aruanno claimed that the defendants had failed to transport him to a hearing in state court. However, as the District Court pointed out, the state court denied Aruanno's claims on the merits, for reasons that had nothing to do with Aruanno's nonattendance.") (citing *State v. Aruanno,* Cr. A. No. 97-01-0016, 2012 WL 1948670 (N.J. Super. Ct. App. Div. May 31, 2012)).

Aruanno has provided no support for his contention that the dismissal of his prior civil rights cases was improper. Accordingly, this argument lacks merit.

### III.   CONCLUSION

For the reasons set forth in this Opinion, this Court denies Aruanno's applications to proceed *in forma pauperis* in *Aruanno v. Davis,* Civil Number 14-3413 (WJM), *Aruanno v. Yates,* Civil Number 14-5100 (WJM), and *Aruanno v. State of New Jersey*, Civil Number 14-5099 (WJM), without prejudice to his prepayment of the $400 filing fee in each case, provided he does so within 30 days of the date of the Order accompanying this Opinion.

_____
WILLIAM J. MARTINI, U.S.D.J.

DATED: __3/9/16__, 2016